IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


UNITED STATES OF AMERICA,

      v.

HEATH EUGENE SOLOMON,

      Defendant,

Case No. 6:15-cr-00157-AA
**ORDER AND OPINION**

AIKEN, District Judge:

Now before the Court is defendant Heath Eugene Solomon's unopposed Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 40. Specifically, defendant requests that his sentence be reduced immediately to one of time served. The government does not object to this request. This motion is brought under the First Step Act of 2018 ("FSA"). Pub. L. No. 115-391, 132 Stat. 5194 (2018). The FSA allows prisoners to petition courts for sentence modifications, after exhausting administrative procedures, based on extraordinary and compelling

reasons—a process also known as compassionate release.  For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

Pursuant to a negotiated settlement with the government, defendant previously pleaded guilty pursuant to one Count of Felon in Possession of a Firearm 18 U.S.C. § 922(g)(l).  Doc. 27.  On February 15, 2017, this Court sentenced defendant to a sentence of 96 months in Bureau of Prisons ("BOP") custody.  Doc. 37.  The Court also imposed a three-year term of supervised release to follow.  *Id.*

Defendant is currently housed at FCI Terminal Island and has served approximately 66 months of his in-custody sentence.  On September 29, 2020, defendant filed the present motion for compassionate release.  Doc. 40.  This Court heard oral argument on this matter on October 6, 2020. Doc. 43.  At the hearing on this matter, the Court granted defendant's motion.  *Id.*

## LEGAL STANDARD

A district court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  Compassionate release under 18 U.S.C. § 3582(c)(1)(A) provides an exception in rare cases.  As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may

impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; [. . .]

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

The relevant policy statement for sentence reductions under the compassionate release statute is found in the U.S. Sentencing Guidelines, § 1B1.13. The policy statement identifies several "extraordinary and compelling reasons"[1] which would warrant a reduction, U.S.S.G. § 1B1.13(1)(A) & cmt. 1, requires a finding that the defendant does not pose a danger to others or the community under the factors provided in 18 U.S.C. § 3142(g), *Id.* § 1B1.13(2), and observes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in [§ 3553(a)] and the criterial set forth in this policy statement." *Id.* § 1B1.13 cmt. 4.

Defendant bears the burden to establish that he satisfied the procedural prerequisites for judicial review and compelling and extraordinary reasons to justify compassionate release.  18 U.S.C. § 3582(c)(1)(A).

---

[1] Application Note 1 to § 1B1.13 identifies extraordinary and compelling reasons in four categories:  1.) the medical condition of the defendant, 2.) the age of the defendant, 3.) family circumstances, and 4.) other reasons, as determined by the Director of the BOP, in a defendant's case amounting to an extraordinary and compelling reason, "other than, or in combination with, the reasons described in subdivisions (A) through (C)."  U.S.S.G. § 1B1.13 cmt. n. 1(A)–(D).

## DISCUSSION

For the Court to exercise its authority under 18 U.S.C. § 3582(c)(1)(A) to reduce defendant's sentence it must:  1.) find the appropriate administrative remedies were exhausted and the statutorily prescribed time period has passed, 2.) find that extraordinary and compelling reasons exist for a sentence reduction, 3.) consider the sentencing factors under 18 U.S.C. § 3553(a), and 4.) ensure any reduction is consistent with applicable policy statements from the sentencing commission.

Initially, the Court notes that it is unclear whether defendant has filed an application for compassionate release with the warden at the facility where he is confined.  However, as the government does not oppose this motion, the Court finds that the exhaustion requirement has been waived and that this motion is properly before this Court.

Next, the Court considers whether extraordinary and compelling reasons warrant a sentence reduction in this case.  The Court finds that the scenario provided in U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii), in combination with cmt. n. 1(D), applies in this case.  Under § 1B1.13 cmt. n. 1(A)(ii), extraordinary and compelling reasons exist, *inter alia*, when "the defendant is suffering from a serious physical or medical condition, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.*

Alternatively, § 1B1.13, as currently written, would not constrain this Court's ability to find extraordinary and compelling reasons here.  As the Sentencing

Commission's policy statement was not amended after enactment of the FSA "a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release" … "because the Commission never harmonized its policy statement with the FSA." *United States v. Mondaca*, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020); (citing *Brown*, 411 F. Supp. 3d at 447, 499 (canvassing district court decisions)); *see also United States v. Redd*, 2020 WL 1248493, at *6. (E.D. Va. Mar. 16, 2020) ("[T]here does not currently exist, for the purposes of satisfying the ["FSA's] 'consistency' requirement, an 'applicable policy statement.'")

The Court is also "not constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction." *United States v. Young*, 2020 WL 1047815, at *6 (M.D. Tenn, Mar. 4, 2020); *see also United States v. Perez*, , 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020) ("[A] majority of federal district courts have found that the most natural reading of the amended § 3582(c) and § 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it.")

Defendant is a 54-year-old man who weighs 306 pounds and suffers from chronic Hepatitis C, prehypertension, and seizure disorder.  All of these conditions place him at increased risk of contracting and developing severe complications from the 2019 novel coronavirus ("COVID-19").[2]  Also, concerning is that defendant had

---

[2] See Karina Zaiets & Ramon Padilla, *Coronavirus, Diabetes, Obesity and Other Underlying Conditions: Which Patients Are Most at Risk?*, USA TODAY (Apr. 15, 2020), https://www.usatoday.com/in-depth/news/2020/04/15/coronavirus-risk-90

previously contracted COVID-19 and is at risk for severe complications from reinfection. Accordingly, the Court finds that defendant's underlying health issues puts him at higher risk of complications should he contract the disease.

Here, not only has defendant shown that he is particularly vulnerable to complications from COVID-19, he has also previously tested positive for the illness. It is further undisputed that FCI Terminal Island has been hot spot for COVID-19 cases. Considering the above information and circumstances of defendant's confinement, the Court concludes that defendant is suffering from a serious medical condition which significantly diminishes his ability to provide self-care in the environment where he is held. *See United States v. Colvin*, 2020 WL 1613943, at *4 (D. Conn. Apr. 2, 2020). Thus, the Court finds that defendant has demonstrated an extraordinary and compelling reason for compassionate release.

Next, the Court must consider the factors provided in 18 U.S.C. § 3553(a). In imposing a sentence which is "sufficient, but not greater than necessary," a court contemplates, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, community safety, the kinds of sentences available, the need to avoid unwanted disparities in sentencing, and all other obligations of sentencing including punishment, deterrence, and rehabilitation. 18

---

patients-had-underlying-conditions/2962721001/ (obesity, hypertension, and chronic lung disease are three of the medical conditions with the highest association with coronavirus hospitalizations); *People Who Are at Higher Risk for Severe Illness*, CDC https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (obesity, Hepatitis C, and other liver diseases are high-risk factors for COVID-19).

U.S.C. § 3553(a). Here, the Court is persuaded that the applicable § 3553(a) factors support defendant's request for compassionate release.

Though defendant does have a lengthy criminal history, he has already served a sentence well beyond his advisory guideline range in this case.[3]  Defendant effectively has 17 months remaining on his original sentence and currently has a projected release date of March 9, 2022. Moreover, while in custody, defendant has engaged in significant rehabilitation and educational programming. Importantly, the Court notes that he successfully completed two of three phases of the Residential Drug Abuse Program ("RDAP") at FCI Terminal Island prior to the program being halted at the onset of the COVID-19 pandemic.

Finally, the Court considers whether defendant presents a danger to the community. U.S.S.G. § 1B1.13(2). Under § 3142(g), a court must consider the following factors in determining whether conditions of release will reasonably assure the safety of any other person and the community: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

---

[3] Defendant persuasively argues that he would not have been eligible for a sentencing enhancement under the Armed Career Offender Act ("ACCA") which, at the time, induced him to agree to the agreed resolution in this case. He notes that this Court later found in another case that convictions under Oregon's delivery of a controlled substance statute are not qualifying predicate offenses under the ACCA. *See Ernst v. United States*, 293 F. Supp. 3d 1242 (D. Or. 2017), *reconsideration denied*, *Ernst v. United States*, 291 F. Supp. 3d 1190 (D. Or. 2018).

Defendant proposes that he be released to live with Catherine Boettcher, his former partner and mother of his two children, at her residence in Washougal, Washington. This plan provides with him the ability to immediately seek further medical treatment while establishing self in the community under Court supervisions. Having considered the particular history and characteristics of this defendant, his rehabilitative work in custody, and the fact that government agrees with defendant's release plan, the Court finds that defendant does not present a danger to the community.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court finds that extraordinary and compelling reasons warrant a reduction of defendant's sentence, that defendant does not pose a danger to any other person or the community, that the § 3553(a) factors support a reduction, and that the reduction is consistent with currently applicable U.S. Sentencing Commission policy statements. The Court therefore GRANTS defendant's Motion for Compassionate Release. Doc. 40.

The Court orders that defendant be tested for COVID-19 prior to release. Defendant shall be released immediately pending a negative test for COVID-19. Should defendant test positive for COVID-19, he shall be held in custody until he can be released to Catherine Boettcher who will transport him through private transportation to her residence in Washougal, Washington. Both defendant and Ms. Boettcher shall observe appropriate protocols for transporting someone who has tested positive for COVID-19. *See* https://www.phila.gov/media/20200329105204/Guide-for-transport-of-patients.pdf.

IT IS SO ORDERED.

Dated this 6th day of October 2020.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge